# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FORENSIC JUSTICE PROJECT<br>3238 P Street, N.W.<br>Washington, D.C. 20007-2756<br><br>DR. FREDERIC WHITEHURST<br>126 West Washington Street<br>P.O. Box 820<br>Bethel, North Carolina 27812<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>9th Street and Pennsylvania Ave., N.W.<br>Washington, D.C. 20535<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　　　　**C.A. No. _____** |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, to order the production of agency records, concerning and related to comparative "bullet lead examinations" conducted by the FBI Laboratory. The requested records will contribute significantly to public understanding of the operations and activities of their government.

## **JURISDICTION**

1. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4).

## PARTIES

2. Plaintiff, the Forensic Justice Project ("FJP"), was formed in 1998 as a project of the National Whistleblower Center, a nonprofit, tax exempt 501 (c)(3) organization, is located at 3238 P Street, N.W., Washington, D.C. 20007.

3. Plaintiff, Dr. Frederic Whitehurst, is the Executive Director of the FJP in Washington, D.C., and he maintains an office at 126 West Washington Street, Bethel, N.C. 27182.

4. Defendants Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") are agencies of the United States government and are headquartered in Washington D.C. The FBI and DOJ have possession of and control over the records that Plaintiffs seek.

## FACTS

4. By letter dated September 23, 2005, Plaintiffs, by and through counsel, submitted a request to the FBI pursuant to the Freedom of Information Act ("FOIA") seeking access to documents pertaining to the use of bullet lead analysis in the FBI laboratory as stated in said request letter. Plaintiffs also requested expedited processing of their FOIA request and they requested a waiver of fees.

5. Plaintiffs' FOIA request dated September 23, 2005 seeks production of agency records concerning the following matters related to the FBI's use of Comparative Bullet Lead Analysis ("CBLA"):

► The "bullet lead examinations" conducted by the FBI Laboratory "in approximately 2,500 cases submitted by federal, state, local, and foreign law enforcement agencies."

► All documents concerning or relating to the "[l]etters outlining the FBI Laboratory's decision to discontinue these [bullet lead] examinations" that were "sent to approximately 300 agencies that received laboratory reports indicating positive results since 1996."

► All FBI laboratory results indicating positive results in bullet lead examinations since 1996, and all documents concerning or relating to said laboratory reports indicating said positive results.

► All FBI laboratory reports indicating positive results in bullet lead examinations since 1963, and all documents concerning or relating to said laboratory reports indicating said positive results.

6. On September 1, 2005, the FBI issued a nationwide press release announcing that it would no longer use CBLA as a forensic science technique in any future criminal cases. This announcement by the FBI followed a lengthy study by the National Research Council/National Academy of Sciences which raised concerns about the FBI's use of CBLA evidence in criminal cases.

7. In addition to the FBI's discontinuance of bullet lead examinations, several state courts have reversed criminal convictions and ordered new trials on the basis of serious questions about the scientific reliability of the FBI's CBLA evidence and testimony in those cases. *See, e.g., State v. Behn,* 868 A.2d 329 (N.J. Super. A.D. 2005); *Ragland v. Commonwealth of Kentucky,* __ S.W.3d __, 2006 WL 733983 (Ky. March 23, 2006); *Clemons v. Maryland,* __ A.2d __, 2006 WL 1007644 (Md. April 19, 2006).

7. Dr. Whitehurst has been granted FOIA fee waivers on his prior FOIA requests to the FBI. The FBI previously agreed to grant Dr. Whitehurst a "full waiver of fees"

concerning the FOIA requests at issue in a prior case, *Whitehurst v. FBI, et al.,* No. 96-cv-0057 (GK) (D.D.C.).

8. The U.S. Department of Justice Office of Inspector General has previously granted Dr. Whitehurst a waiver of fees in response to FOIA requests that Dr. Whitehurst submitted to the DOJ OIG concerning its investigation of the FBI Laboratory and Dr. Whitehurst's allegations of misconduct at the FBI Laboratory.

9. The U.S. Department of Justice Criminal Division and the FBI have each granted the Forensic Justice Project a full waiver of fees to process earlier FOIA requests.

10. The Associated Press ("AP") is supporting the FJP's and Dr. Whitehurst's September 23, 2005 FOIA request and request for a fee waiver in the hopes of saving the government time and money by joining the September 23, 2005 FOIA request instead of filing a separate FOIA request asking for the same information.

11. Plaintiffs fully meet the standards for granting a waiver of all fees to process and release all records responsive to Plaintiffs' FOIA request.

12. The FOIA request at issue here seeks information that the FBI agrees is relevant to specific government operations and activities. Through Plaintiffs' activities in publishing information on the internet, lecturing at academic and professional conferences and by disseminating information to the news media, the FJP and Dr. Whitehurst have the capability and intent to disseminate responsive information to a broad audience.

13. Plaintiffs satisfy each of the factors to support a waiver of FOIA fees. The records responsive to the FOIA request at issue are very "likely to contribute" to an increased public understanding of the government's "operations or activities" in relation to CBLA.

14. Plaintiffs are entitled to a fee waiver because their September 23, 2005 FOIA request is based on Dr. Whitehurst's and the FJP's "expertise in the subject area" and their "ability to effectively convey information to the public." Both the FJP and Dr. Whitehurst intend to disseminate the information responsive to the September 23, 2005 FOIA request in the same manner prior information that has been released by Defendants in response to prior FOIA requests has been disseminated.

15. Dr. Whitehurst's extensive and unrivaled expertise in this subject area and the area of forensic science demonstrates that the FJP and Dr. Whitehurst are well-informed and able to effectively disseminate the information released by the FBI in response to the September 23, 2005 FOIA request in a way calculated to substantively contribute to "public understanding."

16. Significantly, the FJP will provide to the Associated Press ("AP") all documents that are released by the FBI in response to the September 23, 2005 FOIA request. This will greatly increase the FJP's ability and intention to effectively convey information to the public.

17. The significance of the information responsive to the FOIA request at issue will dramatically increase the level of public understanding because the information will be disseminated via a variety of media and will be made publicly available on-line. The widespread and effective delivery and availability of responsive information will measurably increase both public knowledge and discourse on CBLA and related issues.

18. The FJP and Dr. Whitehurst have both the capability and intent to disseminate information responsive to the FOIA request to a reasonably broad audience. This FOIA request seeks documents regarding the FBI's use of CBLA evidence that are meaningfully informative; that will contribute to the public understanding, based on the expertise of the

requestors and their capability to effectively disseminate responsive information via the media; and that is calculated to significantly increase the level of the public's understanding of the operations of government.

19. Discussion regarding CBLA has been in the media at least since Congress commissioned the National Research Council/National Academy of Sciences study in 2003. However, the public, including those who might benefit directly from additional information, is not sufficiently informed on the debate surrounding CBLA. Public interest groups, such as the FJP, play an important role in informing the public on matters such as these. FOIA requests, such as the one at issue, provides a wealth of information that, if disseminated, can inform, define, and clarify public discourse.

20. Disclosure of the information is not in the commercial interest of the Plaintiff requestors. Plaintiffs have no commercial interest whatsoever through this request for disclosure. The requesters' primary goal is to educate the public, as they have done in the past through the dissemination of information.

21. Plaintiffs are eligible for a FOIA fee waiver as a non-commercial scientific institution, scholarly researcher and/or as representative of the news media. Additionally, the FJP and Dr. Whitehurst fall into the category of noncommercial scientific institutions and representatives of the news media, as set forth in the DOJ regulations. *See* 28 C.F.R. § 16.11(b)(4) and (5).

22. Both FJP and Dr. Whitehurst are conducting scientific research on the bullet lead forensic science issue the results of which are not intended to promote any particular product or industry. *See* 28 C.F.R. § 16.11(b)(4). The records in this case are not sought for a commercial use and are sought to further scientific research on the CBLA issue.

23. Also, FJP and Dr. Whitehurst are conducting scholarly research and providing the results of that research to the AP. As such the Plaintiffs are eligible for a fee waiver as a representative of the news media because they can demonstrate a solid basis for expecting publication of the results of their research as well as the information obtained through FOIA and they are not requesting the information for a commercial purpose. The AP is supporting the Plaintiffs' FOIA request, and the AP is undoubtedly able to satisfy the statutory requirements for a FOIA fee waiver as a news media requester. Also, the Plaintiffs have disseminated other information about the FBI Lab obtained under FOIA to the news media, and the news media have found that information useful to ongoing news coverage of particular cases as well as coverage of forensic science issues.

24. By letter dated January 18, 2006, Plaintiffs, by and through counsel, filed an appeal with the Department of Justice Office of Information and Privacy challenging defendant's constructive denial of their September 23, 2005 FOIA request.

25. By letter dated February 21, 2006, the FBI acknowledged receipt of Plaintiffs' September 23, 2005 FOIA request, for the first time, and the FBI also denied the Plaintiffs' request for a waiver of duplication fees.

26. By letter dated February 22, 2006, the Department of Justice Office of Information and Privacy refused to hear Plaintiffs' administrative appeal dated January 18, 2006.

27. By letter dated March 23, 2006, Plaintiffs, by and through counsel, filed an appeal with the Department of Justice Office of Information and Privacy challenging Defendants' refusal to grant Plaintiffs a waiver of FOIA fees.

28. By letter dated April 17, 2006, Plaintiffs supplemented their March 23, 2006 administrative appeal with additional documents.

## COUNT 1

**(Denial of Access to Records and Violations of FOIA)**

29. Plaintiffs incorporates by references Paragraphs 1 through 28, inclusive, and all allegations contained herein.

30. To date, Defendants have denied, and/or constructively denied, Plaintiffs access to records they have requested through the above-referenced September 23, 2006 FOIA request concerning FBI laboratory's use of bullet lead analysis.

31. Plaintiffs have exhausted all administrative remedies pursuant to the Freedom of Information Act related to its September 23, 2005 FOIA request, as well as Plaintiffs' January 18, March 23, and April 17, 2006 administrative appeals.

32. Plaintiffs have a statutory right to the records that they seek, and there is no legal basis for Defendants' refusal to disclose those records.

33. Defendants should be enjoined from withholding the records that are responsive to Plaintiffs' above-referenced FOIA request as such records are not exempt from disclosure.

34. The information sought in Plaintiffs' FOIA request concerning the bullet lead analyses conducted by the FBI Laboratory and the FBI's decision to discontinue these bullet lead examinations will contribute significantly to the public's understanding of the operations or activities of the government. Additionally, given the numerous criminal convictions based in whole or in part on CBLA, the recent developments in the study of the techniques, methods, and assumptions underlying bullet lead analysis, as well as several court decisions questioning the scientific validity of CBLA, the disclosure of such information will no doubt serve the public interest.

35. Plaintiffs have a statutory right to expedited processing of all above referenced FOIA requests.

36. Defendants should be ordered to expedite the processing of Plaintiffs' FOIA requests.

37. Plaintiffs have a statutory right to waiver of fees pursuant to FOIA.

38. Defendants should be ordered to grant Plaintiffs a waiver of processing fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

(a) Declare that Defendants' refusal to disclose the records requested by Plaintiffs under the Freedom of Information Act is unlawful and order such other declaratory relief as appropriate;

(b) Order Defendants to make the requested records available to Plaintiffs under the Freedom of Information Act as requested forthwith;

(c) Order Defendants to grant Plaintiffs a waiver of all copying and other fees in order to process and release the records responsive to Plaintiffs' September 23, 2005 FOIA Request;

(d) Order preliminary and permanent injunctive relief as appropriate;

(e) Order Defendants to expedite the processing and release of Plaintiffs' September 23, 2005 FOIA Request concerning bullet lead analysis;

(f) Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

(g) Grant such other and further relief as the Court may deem just and proper.

       Respectfully submitted,

       /s/  David K. Colapinto
       David K. Colapinto
       (D.C. Bar #416390)

       /s/  Stephen M. Kohn
       Stephen M. Kohn
       (D.C. Bar #411513)

       KOHN, KOHN, & COLAPINTO, LLP
       3233 P Street, N.W.
       Washington, D.C. 20007-2756
       Phone: (202) 342-6980
       Fax:    (202) 342-6984
       *Attorneys for Plaintiffs*

May 31, 2006

Case 1:06-cv-01001-RWR     Document 1     Filed 05/31/2006     Page 10 of 10