THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FORENSIC JUSTICE PROJECT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:06-CV-01001 (RWR) |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, et al., ) | ECF |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, the Federal Bureau of Investigation ("FBI") and Department of Justice ("DOJ"), by and through their undersigned counsel, hereby answers plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") filed on May 31, 2006, upon information and belief as follows:

The first sentence in the initial unnumbered paragraph is a characterization of this lawsuit and not averments of facts to which an answer is required. Defendants deny the second sentence in the initial unnumbered paragraph

**JURISDICTION**

1.   This paragraph consists of plaintiffs' allegations of jurisdiction and not averments of facts to which an answer is required.

**PARTIES**

2.   Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

3.   Defendants lack sufficient knowledge to form a belief as to the truth or falsity of

the allegations in this paragraph.

4. Defendants deny that the FBI is an "agency" of the United States government within the meaning of the Freedom of Information Act ("FOIA"). In all other respects, Defendants admit the allegations contained in this paragraph.

**FACTS**

4[repeated]. Defendants admit that, on September 23, 2005, Plaintiffs sent a letter to the FBI pursuant to the FOIA. Defendant denies the allegations to the extent that they mischaracterize the content of the letter. The Court is respectfully referred to a copy of the September 23, 2005 letter for a complete and accurate statement of its contents.

5. Defendants admit that, on September 23, 2005, Plaintiffs sent a letter to the FBI pursuant to the FOIA. Defendant denies the allegations to the extent that they mischaracterize the content of the letter. The Court is respectfully referred to a copy of the September 23, 2005 letter for a complete and accurate statement of its contents.

6. Defendants admit that a press release was issued on September 1, 2005. Defendant deny the allegations to the extent that they mischaracterize the content of the September 1, 2005 press release. The Court is respectfully referred to a copy of that press release for a complete and accurate statement of its contents.

7. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

7[repeated]. Defendants deny the first sentence of this paragraph. As for the second sentence, Defendant admit that certain documents were released without charge to Dr. Whitehurst in Whitehurst v. FBI, No. 96-572 (GK)(D.D.C.).

8. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

9. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

10. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

11. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny the allegations in the paragraph.

12. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants deny the allegations contained in the second sentence of this paragraph.

13. Defendants deny the allegations in this paragraph.

14. The first sentence of this paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny the allegation. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in the second sentence of this paragraph and, therefore, deny it.

15. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny them.

16. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

17. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of

the allegations in this paragraph and, therefore, deny them.

16. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph and, therefore, deny them.

19. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

20. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

21. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny the allegations.

22. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, deny them.

23. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph and, therefore, deny it. Defendants deny the allegations contained in the second sentence of this paragraph. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of this paragraph and, therefore, deny them.

24. Defendants admit that by letter dated January 18, 2006, plaintiffs attempted to appeal to the U.S. Department of Justice's Office of Information and Privacy ("OIP"). The Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

25.Defendants admit that on February 21, 2006, the FBI acknowledged receipt of Plaintiffs' February 23, 2005 FOIA request. Defendants deny the allegations to the extent that they mischaracterize the February 21, 2006 letter. The Court is respectfully referred to a copy of the February 21, 2006 letter for a complete and accurate statement of its contents.

26.Defendants admit that by letter dated February 22, 2006, OIP responded to plaintiffs' January 18, 2006 letter. Defendants deny the allegations to the extent that they mischaracterize the February 22, 2006 letter. The Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

27.Defendants admit that by letter dated March 23, 2006, plaintiffs filed an administrative appeal with OIP. The Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

28.Defendants admit that by letter dated April 17, 2006, plaintiffs supplemented their March 23, 2006 administrative appeal. The Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

## COUNT I

**(Denial of Access to Records and Violations of FOIA)**

29.Defendants incorporate the responses to paragraphs 1-28.

30.Defendants admit.

31.Defendants admit, but deny that Plaintiffs' April 17, 2006 letter was an administrative appeal.

32.This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

33. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

34. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

35. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

36. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

37. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

38. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer is deemed necessary, Defendants deny.

## **PRAYER FOR RELIEF**

The remaining paragraphs lettered (a) through (g) represent plaintiffs' Prayer for Relief to which an answer is not required, but insofar as an answer may be required, Defendants deny that plaintiffs are entitled to the relief requested or to any other relief.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation in the Complaint.

WHEREFORE, Defendants pray for an order: (1) denying plaintiffs' request for relief; and (2) for such other and further relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The FBI is not a proper party defendant to this action. Pursuant to 5 U.S.C. § 552(f)(1), the proper party defendant is the U.S. Department of Justice.

Dated: August 30, 2006.                                  Respectfully Submitted,


   /s/   Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants