UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FORENSIC JUSTICE PROJECT,** *et al.,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil No. 06-cv-1001 (RWR) |
| ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | |
| *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## JOINT STATUS REPORT

Come now the parties, Forensic Justice Project and Dr. Frederic Whitehurst ("Plaintiffs") and Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") ("Defendants"), and pursuant to the Court's Minute Order dated October 31, 2007, counsel for the parties hereby submit this joint status report explaining the need for additional time to submit dispositive motions in this case. The parties believe there is good cause to support the additional time recently requested by the parties for filing dispositive motions.

This case arises from Plaintiff's September 23, 2005, request pursuant to the Freedom of Information Act, 5 U.S.C. §552 ("FOIA") seeking certain documents from the FBI's Laboratory concerning the use of Comparative Bullet Lead Analysis. On October 5, 2006, the FBI released 342 pages to Plaintiffs, charging duplication fees in the amount of $23.10.[1] After the November 20, 2006 Scheduling Hearing, Plaintiffs alerted Defendants that the total number of documents processed by Defendants seemed to be alarming low. Subsequently, the FBI conducted a further

---

[1] On November 21, 2006, the FBI notified Plaintiffs that an additional 238 pages were available for duplication fee in the amount of $23.80. On November 28, 2006, the FBI informed Plaintiffs that 684 more pages were available for duplication fee in the amount of $68.10.

search that revealed that FBI Laboratory files contained approximately 250,000 additional pages of potentially responsive documents. By letter dated February 20, 2007, the FBI confirmed the existence of the additional potentially responsive documents and notified Plaintiffs that further work on Plaintiff's FOIA request would be discontinued pending receipt of search and duplication fees in the amount of $70,000. Thereafter, any concerns over the adequacy of FBI's search were resolved.

The threshold issue to be litigated is Plaintiff's entitlement to a waiver of processing fees pursuant to 5 U.S.C. §552(a)(4(A)(iii) and expedited processing pursuant to 5 U.S.C. §552 (a)(6)(e) and its implementing regulation, 28 C.F.R. 516.5(d) versus Defendants contention of the unreasonable burden on Defendants to conduct further searches and processing of 250,000 documents.

On November 16, 2006, the parties submitted a Joint Scheduling Report proposing a briefing schedule on the filing of dispositive motions. At the Scheduling Hearing, the Court adopted the parties' proposed briefing schedule of dispositive motions filed by Plaintiffs and Defendants by February 12, 2007, oppositions by March 12, 2007 and replies on or before April 27, 2007. On February 8, 2007, the proposed deadlines were extended to March 28, 2007 for dispositive motions, April 27, 2007 for oppositions, and May 11, 2007 for replies to enable the FBI to generate the response to Plaintiff's concerns addressed in the February 20, 2007 letter referenced above.

Unfortunately, following these developments in February, 2007, Dr. Whitehurst, who is Executive Director of the Forensic Justice Project, became seriously ill and underwent treatment for prostate cancer in mid-March 2007. These unforeseen developments regarding Plaintiff's health necessitated several extensions of time while Dr. Whitehurst underwent surgery and

treatment for his condition. Plaintiffs' dispositive motion and opposition to Defendants' dispositive motion require the participation of Plaintiff Whitehurst whose affidavit is necessary to support the Plaintiffs' position on the threshold issue of a waiver of FOIA fees. Dr. Whitehurst is the only officer or employee of the Forensic Justice Project with first hand knowledge of the FOIA request at issue and the grounds supporting the Plaintiffs' request for a waiver of FOIA fees in this case. Plaintiffs' counsel had hoped that Dr. Whitehurst would recover quickly, but following his surgery and treatment it became apparent that more time than originally expected was needed.

In September, after Dr. Whitehurst had recovered, counsel for the parties conferred about re-setting the deadlines again. Counsel for Plaintiffs and new counsel for Defendants proposed revised deadlines for dispositive motions and additional consent notices to alter the filing deadlines were filed on September 12, October 11, and October 30, 2007. These requests for revised deadlines were necessary due to the press of business in this and other cases, and due to scheduling conflicts that arose on the respective calendars of counsel for Plaintiffs and Defendants that interfered with the preparation and filing of dispositive motions.

In July 2007, Plaintiffs' counsel forwarded a formal settlement offer to Defendants through counsel. Defendants recently reviewed said offer but were unable to accept same. The parties now believe that this matter is ready for briefing on the threshold issues set forth above. Respectfully submitted,

| | |
|---|---|
| /s/ David K. Colapinto | _____/s/_____ |
| David K. Colapinto, D.C. Bar # 416390 | JEFFREY TAYLOR, D.C. BAR # 498610 |
| KOHN, KOHN & COLAPINTO, LLP | United States Attorney |
| 3233 P Street, N.W. | |
| Washington, D.C. 20007-2756 | _____/s/_____ |
| Phone: 202-342-6980 | RUDOLPH CONTRERAS, D.C. BAR #434122 |
| Attorney for Plaintiffs | Assistant United States Attorney |

                                                                            /s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7157
Fax: (202) 514-8780
kenneth.adebonojo@usdoj.gov

COUNSEL FOR DEFENDANTS

DATE: November 7, 2007